THE SOUTHERN EXPRESS COMPANY, plaintiff in error, vs. URQUHART & CHAPMAN, defendants in error.

[This case was argued at the last term and the decision reserved.]

When, in an action against the Southern Express Company as a common carrier, it appeared that goods had been delivered to the Adams Express Company in New York, and by it delivered to the Southern Express Company at Savannah, to be transported to Columbus; and that the goods were lost on their way from Savannah to Columbus whilst in the custody of the Southern Express Company, and there was no proof as to the terms on which the Adams Express Company or the Southern Express received them :

*Held*, that in the absence of any proof to the contrary, the Southern Express Company should be presumed to have received them for transportation to the owner under such obligations as to diligence, etc., as the law imposes on common carriers, who do not, by contract, limit their liability.

Common carriers. Southern Express Company. Presumption. Before Judge JAMES JOHNSON. Muscogee Superior Court. October Term, 1872.

Urquhart & Chapman brought case against the Southern Express Company for $200 00 damages, alleging that the defendant, on the 23d October, 1865, was a common carrier, etc., from Savannah to Columbus, Georgia, and that plaintiffs caused to be delivered to defendant, and said defendant received and accepted from them, certain goods, describing them, and that said goods belonged to plaintiffs. Yet the defendant did not safely carry said goods from Savannah to Columbus and deliver them to the plaintiffs, but conducted itself so carelessly and negligently in the premises that the goods were lost, to the damage of plaintiffs.

The defendant pleaded not guilty.

Foster Chapman, one of the plaintiffs, testified as follows : The goods belonged to Urquhart & Chapman; were worth $...... in New York; he shipped them by the Express Company from New York to Columbus; supposed it was the Southern Express; delivered the receipts to S. H. Hill, agent

of the Southern Express Company some years back, when Hill had notified him as agent of the Southern Express Company, that the goods were lost on Savannah river; cannot say if the receipt was an Adams Express or Southern Express receipt, but he was notified by Captain Hill, the agent of the Southern Express Company, that the box was lost on the Savannah river; that defendant was a common carrier, and S. H. Hill its agent.

S. H. Hill testified for defendant as follows: He was agent of the Southern Express Company; a number of packages received per Adams Express Company by the Southern Express Company were lost on the Savannah river in 1865, and he notified the shippers of the loss; thinks he did notify plaintiffs; has no recollection of plaintiffs' leaving receipt with him, but they might have done so; does not say they did not. The Southern Express Company has had no one in New York since the war, authorized to issue receipts; the receipt must have been from Adams Express Company, and not from the Southern Express Company.

The following charges were asked in writing and refused by the court: "If the jury believe from the evidence that these goods were shipped from New York by the Adams Express Company, deliverable in Columbus, and there is no evidence before you of a delivery by plaintiffs, or their authorized agent, to the Southern Express Company of these goods, to be by the Southern Express Company delivered to plaintiffs in Columbus, then plaintiffs are not entitled to recover of defendant."

Also, "if it appears from the evidence that these goods were shipped by plaintiffs from New York by the Adams Express Company, to be delivered in Columbus, and not by the Southern Express Company, and there is no evidence of a delivery by plaintiffs, or their authorized agent, to the Southern Express Company; but the proof is that the Southern Express Company took these goods at Savannah without the authority of plaintiffs, and it further appears that the plaintiffs are now

suing this defendant in this action for a wrongful taking of said goods, then plaintiffs are not entitled to recover."

The court, on the contrary, charged the jury: "If plaintiffs have shown that they were the owners of the goods, that they shipped them from New York to Columbus, that these goods came into possession of the Southern Express Company as common carriers, and they were destined to Columbus; and further, that while in possession of defendant they were lost, unless by the act of God or the public enemies, they are liable to the plaintiffs in damages."

The defendant excepted to the charge as given, and to the refusals to charge.

The jury found for the plaintiff $118 42. Error is assigned upon the aforesaid grounds of exception.

R. J. Moses, for plaintiff in error.

Henry L. Benning, for defendants.

McCay, Judge.

There was evidence before the jury entitling the defendant to the charge asked, if the charge is law. Our decision is based upon the assumption that the proof was that the goods were delivered in New York to the Adams Express to be carried to Columbus.

In my concurring opinion in the case of *The Southern Express Company vs. Shea*, 38 *Georgia*, 519, I gave my views of just the state of facts proven in this case, to-wit: that the true owner may adopt the act of the carrier to whom he delivers the goods, treat his act of delivery as authorized, and sue the second carrier on his implied undertaking as a common carrier: See the cases there cited; see also the case of New Jersey Steam Navigation Company vs. Merchants' Bank, 6 Howard, 344. My brother Trippe agrees with this view of the case, and the Chief Justice draws this distinction between the Shea case and the present: In the Shea case the proof was clear that there was an express written contract to ship the

goods to Columbus by the Adams Express Company, proven by the plaintiff himself; in this case, nothing is proven but the delivery to the Adams—it may have been with authority to deliver to the Southern—it may not; and as the goods are found in possession of the Southern, who, by its letter to the plaintiff, acknowledges its undertaking to carry, the plaintiff has, at least, until the contrary is proven, a right to sue.

The judgment is therefore affirmed.